DALL (LINDROP v.). See Case No. 8,365.

———

## Case No. 3,543.

### DALLAM v. WAMPOLE et al.

[1 Pet. C. C. 116.] [1]

Circuit Court, D. Pennsylvania. April Term, 1815.

MARRIED WOMAN—DISPOSITION OF SEPARATE ESTATE.

A wife, entitled, under a marriage settlement, to a sum of money, held to her sole and separate use, and after her death without issue, for her next of kin, may, by an instrument freely and voluntarily executed, under hand and seal, direct the whole amount in the hands of the trustee or of his assignees, to be paid to her husband.

———

[1] [Reported by Richard Peters, Jr., Esq.]

On the intended marriage between the plaintiff and Frances Smith, the plaintiff executed a deed of trust to Shoemaker, by which he settled all the personal estate of the said Frances on her, to her sole and separate use, and after her death, without issue, to her next of kin. The marriage took effect. Shoemaker having in his hands this personal property, to the amount of sixteen hundred dollars, became insolvent and assigned over his estate to the defendants, for the benefit of his creditors; but with a particular direction in the assignment, to pay the sixteen hundred dollars to Mrs. Dallam. Afterwards Mrs. Dallam, by a sealed instrument, acknowledged before a justice of the peace, to have been freely and voluntarily done, &c. directed the defendants, the assignees of Shoemaker, to pay to her husband the plaintiff, the whole of the monies due and owing, and directed to be paid to her by the said assignment of Shoemaker. The question is, whether the husband, the plaintiff, is entitled to recover.

Hopkinson, for plaintiff, contended, that there is no interest in this money vested in any person, under the deed of trust, but in Mrs. Dallam; for although it is given to her next of kin, yet this is no more than the law would have done, had those words not been inserted. He contended first; that the plaintiff had a right to recover against the defendants, upon the ground of the direction of the trustee to them, to pay to Mrs. Dallam or to her order. It is not for them to inquire, whether she or the person appearing with the order, is entitled to the money. Secondly, by accepting the trust reposed in them by Shoemaker, they agreed to perform it in all its parts; and one part of it is to pay the money to Mrs. Dallam. If the assignees cannot legally pay over the money, then the trust is at an end, as they cannot act, nor can they or Shoemaker, or this court, appoint a trustee; of course the money is due to Mrs. Dallam, or rather to her husband, freed from the trust. Thirdly, the order of Mrs. Dallam, is sufficient. A feme covert having a separate estate, may dispose of it as she pleases, even to her husband, if it is done freely and voluntarily; and in whatever manner this is ascertained, if the fact be proved, the court will confirm her disposition. 2 Brown, Ch. 663; 3 Brown. Ch. 195, 340, 346; 1 Ves. 163, 518; 2 Atk. 67; 2 Ves. 663, 667, 669.

Wallace, for defendant, submitted the case.

THE COURT decided in favor of the complainant, on the last point; being satisfied that the paper given in evidence, as containing an assignment of the money to the complainant, was freely and voluntarily made.